IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| KELVIN LARON HOWARD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 121-125 |
| | * | |
| INVESTIGATOR CHARLES W. KAMIMER and INVESTIGATOR KYLE GOULD, | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Presently before the Court is Plaintiff's motion for reconsideration. (Doc. 14.) For the following reasons, Plaintiff's motion is **DENIED**.

**I. BACKGROUND**

On March 17, 2022, the Court overruled Plaintiff's objections and adopted the Magistrate Judge's Report and Recommendation as its opinion, staying and administratively closing this civil action until entry of final judgment in Plaintiff's criminal case. (Doc. 13.) Nevertheless, on April 21, 2022, Plaintiff filed the present motion, asking the Court to reconsider its Order, allow his petition to be heard, lift the proposed stay, and not administratively close his civil action. (Doc. 14, at 5.)

## II. LEGAL STANDARD

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of original order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly convincing
2

nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. Plaintiff filed this motion more than twenty-eight days after entry of the Court's March 17, 2022 Order; therefore, the Court will analyze his motion under Rule 60(b). See Brown v. Spells, No. 7:11-cv-91 (HL), 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003). Rule 60(b) "allows for relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment." Marsh v. Dep't of Child. & Fams., 259 F. App'x 201, 205 (11th Cir. 2007) (citing FED. R. CIV. P. 60(b)) (internal quotation marks omitted). "Motions under [Rule 60(b)] are directed to the sound discretion of the district court." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

3

## III. DISCUSSION

The Court stayed this civil action after finding that Plaintiff's claims are "inextricably intertwined with the criminal case." (Doc. 9, at 2; Doc. 13, at 2.) In his objections to the Report and Recommendation, Plaintiff argued that his claims of malicious prosecution, false arrest, and illegal search and seizure are in relation to his criminal proceedings in Richmond County, not his federal criminal case. (Doc. 12, at 2.) The Court overruled Plaintiff's objections, finding that even though he has not been charged with the sale of heroin, his federal possession of heroin charge is derived from a search and seizure performed by Richmond County officers, therefore intertwined with the currently pending federal criminal case. (Doc. 13, at 1-2.)

Plaintiff's current motion raises issues concerning alleged perjury of the investigators with regards to the alleged heroin sales and deliberate use of false evidence. (Doc. 14, at 2-3.) Once again, these allegations are inextricably intertwined with Plaintiff's ongoing federal criminal case; therefore, this Court has stayed Plaintiff's case until the criminal case has concluded. Plaintiff offers nothing in his motion for reconsideration to justify the Court changing its decision pursuant to Rule 60(b). Although Plaintiff states this is "newly discovered evidence," any newly discovered evidence is also inextricably intertwined with Plaintiff's criminal case so the Court's analysis remains

4

unchanged. Plaintiff is simply asking the Court to rethink what it has already thought through, which the Court declines to do. There has been no mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief from the Court's stay and administrative closure of this case. Plaintiff's motion simply rehashes additional issues that are directly related to his underlying criminal case and which the Court will not take up until that case has terminated.

Therefore, Plaintiff's motion (Doc. 14) is **DENIED** and this case remains **ADMINISTRATIVELY CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of May, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA